**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>COVETRUS, INC., PHILIP A. LASKAWY, DEBORAH G. ELLINGER, PAUL R. FONTEYNE, SANDRA L. HELTON, MARK J. MANOFF, EDWARD M. MCNAMARA, STEVEN PALADINO, SANDRA E. PETERSON, RAVI SACHDEV, SHARON WIENBAR, and BENJAMIN WOLIN,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Lawrence ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action against Covetrus, Inc. ("Covetrus" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Clayton, Dubilier & Rice, LLC ("CD&R") and TPG Global, LLC ("TPG").[1]

2.      On May 24, 2022, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of Covetrus described herein is referred to as the "Proposed Transaction."

with subsidiaries of investment funds managed by CD&R, Corgi Bidco, Inc. ("Parent") and Corgi Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement").[2] The Merger Agreement provides CD&R and TPG will acquire the shares of Covetrus that CD&R does not already own for $21.00 per share in cash. Affiliates of CD&R and TPG have entered into equity commitment letters with Parent pursuant to which they have agreed to provide equity commitments of approximately $1.604 billion.

3. The Company's corporate directors subsequently authorized the September 13, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Covetrus stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants'

---

[2] CD&R's affiliate, CD&R VFC Holdings, L.P. ("CD&R VFC Holdings"), owns approximately 24.03% of the Company's outstanding shares.

[3] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for September 29, 2022.

violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Company common stock.

10. Defendant Covetrus is a Delaware corporation with its principal executive offices located at 7 Custom House Street, Portland, Maine 04101. Covetrus' shares trade on the Nasdaq Global Select Market under the ticker symbol "CVET." Covetrus is a global animal-health technology and services company dedicated to supporting the companion, equine, and large-animal veterinary markets. The Company's mission is to provide the best products, services, and technology to its customers across the globe, so they can deliver exceptional care to their clients when and where it is needed. Covetrus engages in the sale of animal-health consumable products, including proprietary and Covetrus branded products, small equipment, laboratory products, large

equipment, equipment repair services, branded and generic pharmaceuticals, vaccines, surgical products, diagnostic tests, infection-control products, parasiticides, and vitamins and supplements to wholesale and retail customers.

11. Defendant Philip A. Laskawy is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Deborah G. Ellinger is and has been a director of the Company at all times relevant hereto.

13. Defendant Paul R. Fonteyne is and has been a director of the Company at all times relevant hereto.

14. Defendant Sandra L. Helton is and has been a director of the Company at all times relevant hereto.

15. Defendant Mark J. Manoff is and has been a director of the Company at all times relevant hereto.

16. Defendant Edward M. McNamara is and has been a director of the Company at all times relevant hereto.

17. Defendant Steven Paladino is and has been a director of the Company at all times relevant hereto.

18. Defendant Sandra E. Peterson is and has been a director of the Company at all times relevant hereto.

19. Defendant Ravi Sachdev is and has been a director of the Company at all times relevant hereto.

20. Defendant Sharon Wienbar is and has been a director of the Company at all times relevant hereto.

21. Defendant Benjamin Wolin is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On May 25, 2022, the Company announced in relevant part:

PORTLAND, Maine--(BUSINESS WIRE)--Covetrus® (NASDAQ: CVET) ("Covetrus" or the "Company"), a global leader in animal-health technology and services, today announced that it has entered into a definitive agreement pursuant to which funds affiliated with Clayton, Dubilier & Rice ("CD&R"), a global private investment firm, and TPG Capital, the private equity platform of global alternative asset management firm TPG ("TPG"), will acquire all outstanding shares of Covetrus common stock not already owned by affiliates of CD&R for $21.00 per share in cash, representing an enterprise value of approximately $4 billion.

CD&R and its affiliates currently beneficially own approximately 24% of the Company's outstanding shares of common stock. The transaction delivers significant value to Covetrus' shareholders and represents a 39% premium to Covetrus' 30-day volume weighted average price per share as of the unaffected stock price as of May 13, 2022.

The proposed transaction has been unanimously approved by a transaction committee of independent directors of the Board of Directors of Covetrus (the "Transaction Committee"). The Board of Directors of Covetrus has unanimously approved the proposed transaction on the recommendation of the Transaction Committee.

"This transaction is an important milestone for our company, shareholders, employees, customers and partners," said Benjamin Wolin, Covetrus' President and Chief Executive Officer and a member of its Board of Directors. "Not only does this deal provide compelling value for our existing shareholders, it allows Covetrus to continue its mission to drive positive outcomes – both business and healthcare – for veterinarians across the globe. We appreciate CD&R's support and their continued commitment to our company and the global veterinary community."

"Covetrus has undergone a true transformation since our initial 2015 investment in its predecessor Vets First Choice, growing from $55 million in revenue focused primarily on online pharmacy in the US to a leading global provider of animal

health services with more than $4.6 billion in revenue," said Sarah Kim, Partner at CD&R. "We are excited to have this opportunity to grow our investment in Covetrus and to do so in partnership with TPG and management," added Ravi Sachdev, Partner at CD&R.

"Covetrus offers a dynamic portfolio of leading distribution and technology solutions to veterinarians across the globe," said Jeff Rhodes, Co-Managing Partner at TPG Capital. "The company is at an important stage in its ongoing evolution, and we look forward to partnering with management and CD&R to further its leadership in the growing animal health space," continued Kendall Garrison, Partner at TPG Capital.

The transaction is expected to close in the second half of 2022. Completion of the transaction is subject to certain regulatory approvals and the satisfaction of other customary closing conditions, including the approval of Covetrus' shareholders. The transaction will be financed through a combination of cash funded by investment funds affiliated with CD&R and TPG Capital, as well as committed debt financing.

Upon completion of the transaction, Covetrus will become a private company and will no longer be publicly listed or traded on NASDAQ. Covetrus' management team, including Benjamin Wolin, President and Chief Executive Officer, is expected to continue to lead the Company. Covetrus plans to maintain its headquarters in Portland, Maine, and will continue to operate under its current brands.

**Advisors**

Goldman Sachs & Co. LLC is serving as lead financial advisor to Covetrus. Lincoln International LLC is also serving as financial advisor to Covetrus. Weil, Gotshal & Manges LLP is serving as legal counsel.

Deutsche Bank Securities Inc., UBS Investment Bank, BMO Capital Markets and Mizuho Securities USA LLC have provided committed debt financing for the transaction and are serving as financial advisors to CD&R and TPG Capital. Debevoise & Plimpton and Ropes & Gray are acting as legal counsel for CD&R and TPG Capital.

**The Materially Incomplete and Misleading Proxy Statement**

24.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 13, 2022. The Proxy Statement, which recommends that Covetrus stockholders vote their shares in favor of the Proposed Transaction, fails to disclose

material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman"); (c) potential conflicts of interest faced by the Company's additional financial advisor, Lincoln International ("Lincoln"); and (d) the process leading to the Proposed Transaction.

***Material Misrepresentations and/or Omissions Concerning Financial Forecasts for Covetrus and Goldman's Financial Analyses***

25. The Proxy Statement fails to disclose material information concerning the financial forecasts for Covetrus, including the line items underlying the Company's projected Adjusted EBITDA and Unlevered Free Cash Flow.

26. The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

27. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal year unlevered free cash flow; (b) the Company's terminal values; (c) the inputs and assumptions underlying the range of discount rates Goldman utilized in connection with the analysis; and (d) the Company's fully diluted outstanding shares.

28. With respect to *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's next twelve months ("NTM") EBITDA estimates used in the analysis; (b) the Company's projected net debt as of December 31, 2022, 2023, and 2024; (c) the inputs and assumptions underlying the discount rate Goldman utilized in connection with the analysis; and (d) the Company's fully diluted outstanding shares.

29.    With respect to *Selected Precedent Transactions* and *Selected Public Company Comparables Analyses* performed by Goldman, the Proxy Statement fails to disclose the respective individual financial metrics for each of the selected transactions and companies analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning Lincoln's Potential Conflicts of Interest*

30.    The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's additional financial advisor, Lincoln, including: (a) the compensation Lincoln has received or will receive in connection with its engagement; (b) how much of Lincoln's compensation is contingent upon consummation of the Proposed Transaction; and (c) whether Lincoln has performed any services for the Company, CD&R or TPG, and their respective affiliates, in the prior two years and, if so, the nature of the services performed and amount of compensation received.

*Material Misrepresentations and/or Omissions Concerning the Process Leading to the Proposed Transaction*

31.    The Proxy Statement fails to disclose material information concerning the process leading to the Proposed Transaction, including whether any of the standstill provisions in the confidentiality agreements the Company entered into with parties during the sale process were "don't-ask, don't-waive" standstill provisions that are still in effect and presently precluding a party from submitting a topping bid for the Company.

32.    The omission of the above-referenced information renders statements in the "Certain Financial Projections Utilized in Connection with the Merger," "Opinion of Goldman Sachs & Co. LLC," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

33. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Covetrus will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Covetrus**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Covetrus is liable as the issuer of these statements.

36. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

37. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

39. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Covetrus within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Covetrus and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged

herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

46. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  September 21, 2022    By **LONG LAW, LLC**

                */s/ **Brian D. Long***
                Brian D. Long (#4347)
                3828 Kennett Pike, Suite 208
                Wilmington, DE 19807
                Telephone: (302) 729-9100
                Email: BDLong@longlawde.com

                *Attorneys for Plaintiff*